
FILED
DEC 20 2018
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MALCOLM WAYNE BIRDSONG;<br>M.W. BIRDSONG; WAYNES'<br>GROUP; MISSOULA COUNTY; and<br>ENOCH INVESTMENTS, LLC,<br><br>Defendants. | CV 17–72–M–DWM<br><br>DECREE OF FORECLOSURE<br>AND ORDER OF JUDICIAL SALE |

On May 23, 2017, the United States filed this action to reduce federal income tax assessments against Defendant Malcolm Wayne Birdsong, also known as M.W. Birdsong, to judgment, to determine that Birdsong is the true owner of two properties in Lolo, Montana (the "Subject Properties") held by Defendant Waynes' Group, and to foreclose federal tax liens on the Subject Properties. On December 4, 2018, the Court granted summary judgment to the United States on all claims. (Doc. 48.) Judgment was entered on December 19, 2018. (Doc. 50.) Pursuant to the Court's December 4, 2018 Order, 28 U.S.C. §§ 2001 and 2002, and 26 U.S.C. §§ 7402 and 7403,

IT IS ORDERED that the United States' federal tax liens against the Subject Properties, arising from the tax assessments at issue in this case, are foreclosed. A

1

judicial sale of the Subject Properties shall be conducted as follows:

1. The Subject Properties are located at 100 and 104 Glacier Drive, Lolo, MT 59847 and are legally described as:

> Subdiv.-LAV LAKE VIEW ADD Lot-001, Block-00A 12N 20W 26 LAKE VIEW-PARCEL A LOT 1 BLK A, SUID #2050301

and

> Subdiv.-LAV LAKE VIEW ADD Lot-002 Block-00A 12N 20W 26 LAKE VIEW ADD, LKVW LOT 2 OF LAKE VIEW ADD, LKVW LOT 2 OF LAKE VIEW ADDITION BLK A 26-12-20, SUID #1026859.

2. The Subject Properties shall be sold to the highest bidder at a public auction free and clear of the interests of the parties to this case and any successors in interest or transferees of those parties.

3. The United States may choose either the U.S. Marshal for the District of Montana or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative to conduct the sale. This Order shall act as a special writ of execution and no further process from the Court shall be required.

4. The U.S. Marshal or PALS representative shall have discretion to sell the Subject Properties together or separately. The term "sale" in this Order shall be construed to mean the sale of the Subject Properties, together or separately, as determined by the U.S. Marshal or PALS representative.

5. The sale shall be held at the United States District Court for the

District of Montana, on the Subject Properties' premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time set by the U.S. Marshal or PALS representative.

6. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the premises, and easements and restrictions of record, if any.

7. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Missoula County, Montana, and by any other means the U.S. Marshal or PALS representative deems appropriate. The notice shall describe the Subject Properties and contain the material terms and conditions of sale in this Order. State and local notice requirements do not apply.

8. The United States shall set a reasonable minimum bid. If the minimum bid is not met, the U.S. Marshal or PALS representative may sell the Subject Properties to the highest bidder, or, without further permission of the Court, reduce the minimum bid and hold a new public sale under this Order's terms and conditions.

9. At the sale, the successful bidder shall deposit at least 10 percent of the bid with the U.S. Marshal or PALS representative. The deposit shall be paid with a certified or cashier's check payable to the United States District Court for

the District of Montana. Before being permitted to bid, bidders must display proof to the U.S. Marshal or PALS representative that they are able to comply with this requirement. The U.S. Marshal or PALS representative shall deposit the check into the registry of the Court according to Local Rule 67.1.

10. Within 30 days after the bid is accepted, the successful bidder shall pay the balance of the purchase price to the U.S. Marshal or PALS representative via a certified or cashier's check payable to the United States District Court for the District of Montana. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and disbursed according to Paragraph 19 of this Order. The Subject Properties shall then be sold to the second-highest bidder or offered for sale again under this Order's terms and conditions. The United States may bid as a credit against its judgment without tender of cash.

11. The sale of the Subject Properties shall not be final until confirmed by the Court. The U.S. Marshal or PALS representative shall file a report of sale with the Court within 30 days from the date of receipt of the balance of the purchase price.

12. Upon confirmation of the sale, the interests of, liens against, or claims to the Subject Properties held or asserted by the United States and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. § 2001 and

is made without a right of redemption.

13. Upon confirmation of the sale, the U.S. Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Subject Properties to the purchaser.

14. Upon confirmation of the sale, the purchaser is responsible for having the Recorder of Deeds of Missoula County, Montana cause the transfer of the Subject Properties to be reflected in the Missoula County property records.

15. Until a deed is delivered to the purchaser, the U.S. Marshal or PALS representative is authorized to take all reasonably necessary actions to preserve the Subject Properties, including, without limitation, retaining a locksmith or other person to change or install locks or other security devices.

16. Until the sale, Malcom Wayne Birdsong shall take all reasonably necessary actions to preserve the Subject Properties (including all buildings, improvements, fixtures, and appurtenances) including, without limitation, maintaining fire and casualty insurance policies on the Subject Properties. He shall keep current in paying real property taxes as they are assessed by Missoula County. He shall not commit waste against the Subject Properties, nor shall he cause or permit anyone else to do so. He shall not do anything that tends to reduce the value or marketability of the Subject Properties, nor shall he cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or

take any other action that may directly or indirectly tend to adversely affect the value of the Subject Properties or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall he cause or permit anyone else to do so.

17. All persons occupying the Subject Properties shall leave and vacate permanently no later than 30 days after the date of this Order, unless the United States agrees otherwise in writing. Each shall take all personal property, but leave all improvements, buildings, fixtures, and appurtenances. If any person fails or refuses to leave and vacate the Subject Properties by the time specified in this Order, the U.S. Marshal is authorized to take any reasonably necessary action to remove that person from the premises. If any person fails or refuses to remove his or her personal property from the Subject Properties by the time specified, the personal property remaining at the Subject Properties is deemed forfeited and abandoned. The U.S. Marshal or PALS representative is authorized to remove and dispose of it in any reasonable manner, including sale, in which case the sale proceeds shall be disbursed according to Paragraph 19 of this Order.

18. Notwithstanding the terms of the preceding paragraph, if the Subject Properties remain occupied after the sale is confirmed, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Federal Rule of Civil Procedure 70 to compel delivery of possession of the Subject Properties to

the purchaser.

19. The Marshal or PALS representative shall deposit the purchase price into the registry of the Court according to Local Rule 67.1. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following order of preference:

   a. First, to the U.S. Marshal or PALS representative for costs, fees, disbursements, and expenses as allowed by law;

   b. Second, to ENOCH Investments, LLC, as the assignee of Missoula County, to satisfy the property tax or special assessment liens upon the Subject Properties, as provided by 26 U.S.C. § 6323, the stipulations in this case (Docs. 10, 26), and the Court's December 4, 2018 Order (Doc. 48);

   c. Third, to the United States to satisfy the federal tax liabilities of Malcolm Wayne Birdsong, as provided by the Court's December 4, 2018 Order (Doc. 48);

   d. Fourth, to Malcolm Wayne Birdsong.

DATED this 20th day of December, 2018.

Donald W. Molloy, District Judge
United States District Court

7