IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 17–72–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| MALCOLM WAYNE BIRDSONG; M.W. BIRDSONG; WAYNES' GROUP; MISSOULA COUNTY; and ENOCH INVESTMENTS, LLC, | |
| Defendants. | |

The United States sued Malcolm Wayne Birdsong to reduce federal income tax assessments to judgment, to determine that Birdsong is the true owner of two properties in Lolo, Montana, and to foreclose federal tax liens on those properties. The Court granted summary judgment for the United States, (Doc. 48), and entered judgment in favor of the United States for $438,146.94 plus interest, (Doc. 50). The Court also entered a Decree of Foreclosure and Order of Judicial Sale of the Lolo properties. (Doc. 51.) Birdsong has appealed. (Doc. 52.) He now moves to stay enforcement of the Decree of Foreclosure and Order of Judicial Sale pending the appeal. (Doc. 53.) He also requests a waiver of the requirement to post a bond or other security. (*Id.*)

Federal Rule of Civil Procedure 62(b) provides that "[a]t any time after

1

judgment is entered, a party may obtain a stay by providing a bond or other security."[1] Under the rule, a party is entitled to a stay of the judgment as a matter of right upon posting a bond or security. *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966). The bond or security protects the prevailing party "from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). A district court has discretion to modify or waive the bond requirement. *Int'l Telemeter v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985); *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). Stays under Rule 62(b) apply only to money judgments. *Westphal*, 859 F.2d at 819.

Rule 62(d) allows a district court to "suspend, modify, restore, or grant an injunction" pending an appeal from a judgment that grants or denies injunctive relief.[2] Fed. R. Civ. P. 62(d). A motion for an injunction pending appeal is considered under the same standard as a motion for a preliminary injunction. *See Tribal Vill. of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988). A party seeking an injunction pending appeal must show (1) a likelihood of success on the merits,

---

[1] The 2018 amendments to Rule 62 reorganized and revised the provisions for staying a judgment. Rule 62(b) "carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendments. Further, "[t]he new rule's text makes explicit the opportunity to post security in a form other than a bond." *Id.*

[2] The provisions of Rule 62(d) were formerly set forth in Rule 62(c). *Compare* Fed. R. Civ. P. 62(c) (2017) *with* Fed. R. Civ. P. 62(d) (2018).

2

(2) it is likely to suffer irreparable harm, (3) an injunction will not substantially injure the other parties, and (4) an injunction is in the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Birdsong is imprecise about the relief he seeks. He variously requests a "stay" pending appeal and an "injunction" pending appeal. In opposing Birdsong's motion, the United States argues Rule 62(d)'s standard for an injunction pending appeal governs. Foreclosure decrees and orders of judicial sale have injunctive elements in that they direct parties to take specific actions with respect to the property. *See Deutsche Bank Nat'l Trust Co. v. Cornish*, __ F. App'x __, 2019 WL 462484, at *4 (7th Cir. 2019). But, in this case, foreclosure is merely a mechanism to enforce the money judgment. (*See* Doc. 48 at 18–19.) Accordingly, Birdsong's motion is properly construed as a motion to stay the judgment under Rule 62(b). *See Deutsche Bank Nat'l Trust Co.*, 2019 WL 462484, at *7 (considering a motion to stay a foreclosure under Rule 62(b)).

The question, then, is whether Rule 62(b)'s requirement to post a bond or other security should be waived. The Ninth Circuit has not established a test for waiving the bond or security. Courts have considered the following factors when deciding whether to do so:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay

3

> the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon*, 866 F.2d at 904–05 (citations and internal quotation marks omitted); *see also Educ. Logistics, Inc. v. Laidlaw Transit, Inc.*, No. CV-07-06-M-DWM, 2013 WL 12134035 (D. Mont. May 13, 2013) (applying the *Dillon* factors).

Birdsong does not explicitly address these factors. He filed a declaration that he has no income, assets, or other source of funds to obtain a bond and that he believes the value of the properties subject to the foreclosure decree is sufficient to secure the judgment. (Doc. 54-1.) He did not produce any financial records or valuation of the properties.

But the new amendments to Rule 62 mean the Court need not wade into the *Dillon* factors at all. New Rule 62(b) permits flexibility in the type of security required to obtain a stay, which allows the Court to treat the properties as sufficient security. Fed. R. Civ. P. 62 advisory committee's note to 2018 amendments; *Deutsche Bank Nat'l Trust Co.*, 2019 WL 462484, at *7. The purpose of Rule 62(b)'s bond requirement is to secure the prevailing party against the risk of being unable to collect the judgment. *Westphal*, 859 F.2d at 819. The properties offer that security here. Given Birdsong's financial situation, the proceeds from the sale of the properties are the United States' only hope for collecting on the judgment. Treating the properties as security for the judgment, then, merely maintains the

4

status quo. Further, the Court's Decree of Foreclosure and Order of Judicial Sale requires Birdsong to preserve the properties, including by maintaining insurance, paying property taxes, and avoiding any action that would decrease their value. (Doc. 51 at ¶ 16.) This maintenance order protects the United States against a risk of loss pending the appeal. Finally, if the properties are sold in a judicial sale, Birdsong's appeal will be effectively rendered moot. These equitable concerns further counsel treating the properties here as security for the judgment pending appeal. Accordingly,

IT IS ORDERED that Birdsong's motion for a stay pending appeal (Doc. 53) is GRANTED and the requirement to post a bond or security is WAIVED. Enforcement of the Judgment (Doc. 50) and the Decree of Foreclosure and Order of Judicial Sale (Doc. 51) is STAYED pending resolution of Birdsong's appeal.

DATED this 4th day of March, 2019.

Donald W. Molloy, District Judge
United States District Court